RECEIVED
U.S. COURT OF APPEALS

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA** 2008 JUN 30 PM II: 33

FILING DEPOSITORY

**DERRICK W. MACON**
**Plaintiff,**

12401 Weldon Manor Lane
Upper Marlboro, MD 20772
(301) 627 2244

**VS.**

**UNITED STATES CAPITOL**
**POLICE BOARD**
**Defendant**

# FILED

**JUN 3 0 2008**

Civil Action No. _____

**Clerk, U.S. District and**
**Bankruptcy Courts**

Case: 1:08-cv-01141
Assigned To : Sullivan, Emmet G.
Assign. Date : 06/30/2008
Description: Employ. Discrim.

**COMPLAINT**

## I.   Introduction

This is a Complaint ("Complaint").  In this Complaint, Plaintiff asserts that the Employer

has violated Sections 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), 2

U.S.C. Sections 1301(a) (1) and 1317, respectively, by subjecting him to race and age-based

harassment; a hostile work environment based on race and age, discriminatory treatment based

on race and age, disparate treatment based on race and age; and reprisal for exercising his rights

pursuant to the CAA.  The Defendant has done this primarily by failing to investigate, or

otherwise take corrective action in response to widespread complaints of discrimination at the

Plaintiff's workplace.  The defendant's retaliatory action against Plaintiff specifically includes

initiating and/or taking away employee benefits (days off from work) requiring Plaintiff to work

twelve consecutive days.  This retaliatory action against Plaintiff in whole or in part is in

response to him requesting that speaking out against the harassment and discrimination he has

suffered at his workplace.  Moreover, the Defendant continues to subject him to a discriminatory,

retaliatory and hostile work environment, in whole or in part in response to him initiating

counseling at the Congressional Office of Compliance on 2007, 2003, and 2001.

Plaintiff Macon maintains that the Department violated federal labor relations statute as applied by Section 201(a) (1) and 207 of the Congressional Accountability Act ("CAA"), on: 1) January 23, 2008, when he was denied leave; 2)November 26 and 27, 2007, when he was required to work a double shift on two consecutive days; and 3) October 15 through 27, 2007, when he was required to work twelve (12) consecutive days.

Plaintiff Macon disputes the legal position of the United States Capitol Police Board in this case; the record of evidence support that the Department interfered with, restrained, and altered Plaintiff Macon's employee rights. Plaintiff Macon's complaint involves discrimination, retaliation, and other conditions of employment such as leave and the assignment of work.

Plaintiff Macon complied with Section 18.02, 5 which required him to work all overtime assigned unless specifically excused by the Department. The Department has failed to provide a reasonable explanation to indicate why Plaintiff Macon was required to work both of his excused days consecutively during the work week of November 27, 2007. All Plaintiff Macon requested was to have at least one of this days off to which he is entitled. No other USCP Employee was denied this benefit (emphasis added).

Plaintiff Macon also maintains that retaliation exists in violation of Section 207 of the CAA, in 2 U.S.C. § 1317, because he has filed a complaint against his employer in US District Court for which he is now being disciplined and subject to retaliation discrimination because of his lawful actions. The filing in OOC case numbers 07-CP-44 (CV, RP, AG), 03-CP-17 (CV, RP), 03-CP-15 (AG) and 01-CP-121 (CV, RP) supports such a claim in the record.

## NATURE OF THE ACTION

Plaintiff is a United States Capitol Police officer employed by Defendant U.S. Capitol Police Board "the Employer" who has been subjected to discrimination in the form of racial discrimination, age-based harassment, and a hostile work environment. As well as disparate treatment and reprisal based on his participation in legal proceedings; and in retaliation for having requested an investigation of, and otherwise speaking out against, demeaning and offensive behavior participated in by supervisors at his workplace on or about November 27, 2007, and other discrimination and harassment he has suffered at his workplace. The continuing violation of the above-described actions at Plaintiff's workplace, and the Employer's acquiescence in, and failure to investigate the widespread participation of, these actions, and the Employer's other discriminatory and harassing treatment of Plaintiff, as described in this Complaint, is conduct made unlawful by Section 201 of the CAA, 2 U.S.C. Section 1311. Plaintiff's requesting that his Employer investigate the widespread behavior of these relationships at his workplace, and otherwise speaking out against this and other discriminatory and harassing conduct by the Employer, is therefore protected activity under Section 207 of the CAA, 2 U.S.C. § 1317. Plaintiff's contacting the Congressional Office of Compliance to initiate counseling in connection with these matters also constitutes protected activity under Section 207 of the CAA, 2 U.S.C. § 1317.

Section 207 of the CAA, in 2 U.S.C. § 1317, protects employees from reprisals. The CAA mandates that it shall be unlawful for an employing office to intimidate, take reprisal against, or otherwise discriminate against, any covered employee because the covered employee has opposed any practice made unlawful by this Act, or because the covered employee has

3

initiated proceedings, made a charge, or testified, assisted, or participated in any manner in a hearing or other proceeding under this Act.

## I.    **Facts**

Plaintiff Derrick Macon ("Plaintiff" or Officer Macon) has been employed as a United States Capitol Police Officer since on or about October 4, 1985. During all times relevant to this Complaint, and continuing to the present, has held the rank of Private First Class.

On or about January 14, 2008, Officer Derrick Macon contacted the Congressional Office Compliance to request counseling in connection with the allegations contained in this Complaint (Office of Compliance Case No. 08-CP-25 (AG, RP)). Having exhausted his administrative remedies as described, Officer Macon now files his Complaint seeking relief.

## II.    **Jurisdiction and Venue**

Jurisdiction is proper pursuant to 2 U.S.C. § 1408 of the CAA. In addition, jurisdiction is proper under 28 U.S.C. § 1331.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Venue is proper in the District of Columbia because the acts and practices complained of herein occurred in the District of Columbia.

## III.    **Jury Demand**

Plaintiff demands a trial by jury for his claim pursuant to 2 U.S.C. § 1408 of the CAA.

## IV.    **Parties**

Plaintiff is an officer employed by the Defendant. Plaintiff is a covered "employee" under the CAA, 2 U.S.C. § 1301(3)(d).

Defendant is the United States Capitol Police Board, an "employing office" under the CAA, 2 U.S.C. § 1301(9)(d).

The Defendant is a collective, consisting of three officers of the United States Congress; the Architect of the Capitol, the Sergeant at Arms of the United States Senate, Terrance W. Gainer, and the Sergeant at Arms of the United States House of Representatives, Wilson Livingood. Collectively, the Defendants, pursuant to 2 U.S.C. § 1301, are the "employing office" of United States Capitol Police officers.

**V.    <u>Exhaustion of Administrative Remedies</u>**

Plaintiff has exhausted his administrative remedies by completing counseling and mediation with the Congressional Office of Compliance as required by Section 1401 of the CAA. Plaintiff files this Complaint on June 30, 2008, within 90 days of the receipt of the End of Mediation notice on March 31, 2008.

## COUNT I: CAA SECTION 201 (HOSTILE WORK ENVIRONMENT)

***Denied Leave on January 23, 2008***

Plaintiff Macon disputes the credibility of any document declaring leave approval. Plaintiff Macon was not provided with any evidence to support that his request for leave was granted. In fact, the record supports the opposite. The empty box before recommended and approved on the CP-506 indicates that no action was taken by an immediate supervisor, division commander, or designee (Exhibit 1).

Conversely, in Exhibit 1, Officer Jones and OFC Humphries both were approved and recommended leave on 10/24/07 (see column of date entered) although both employees submitted their leave request after Plaintiff Macon's date and time stamp. Officer Jones and Officer Humphries leave request was granted ten (10 weeks) earlier (See Exhibit 1). Further, the

Department has not produced evidence to indicate justification to grant two non-union employees leave with notification months before the request made by Plaintiff Macon. Plaintiff Macon has been documented into the official record on January 2008. This unacceptable delay and denial indicates retaliation and employer has articulated no facts to support such a delay.

Furthermore, it is fairly obvious that there is an attempt to disguise mismanagement, or a failure to properly supervise. Captain Neeld (the Acting Division Commander at the time of the incident) is the highest ranking supervisor involved in this complaint. The Division Commander's finding that the Senate Division did not fairly apply its own rules in making its original award decision of approved scheduled leave must be taken very seriously. Evidence will reveal that Senate Officials have been reprimanded and advised to re-evaluate because of significant errors. Evidence will also reveal that this Senior Department Official notified Sgt. Hyman that scheduled/ approved leave given to Officer Humphries on October 24, 2007, was improperly granted while a leave restriction was in place and was not authorized according to General Orders and in violation of CBA Article 19, Section 19.02, C.

**Thereafter, Officer Humphries resubmitted leave for the same date, once the leave restriction was lifted. (Sees Exhibit 1)** Officer Humphries made a second request for this date; his wife had scheduled knee surgery. This second request was made due to Captain Neeld's intervention into this issue. However, this crisis did not authorize the Department to restrain the granting of leave to Plaintiff Macon inconsistent to that of his co-workers, Officer Jones and Officer Humphries. The improper granting of leave by management to these employees, as well as, improperly denying leave is in violation of Department General Orders and in violation of the CBA. The inconsistent application of leave being administered to a labor leader not in accordance with applicable laws, rules, regulations, policies and procedures, discourages membership in the FOP labor organization and serves as retaliation because the employee has

6

filed a complaint. (Plaintiff Macon is a labor Union Leader serving as a Plaintiff of the Senate Division.)

## COUNT II: CAA SECTION 201 (AGE DISCRIMINATION)

Plaintiff is asserting a disparate treatment claim demonstrating facts sufficient to create a reasonable inference that age discrimination was a determining factor in the employment decision. Plaintiff has established that 1) he belongs to the statutorily protected age group; 2)qualified for the position, and 3)was disadvantaged in favor of a younger person.

Plaintiff has set forth facts to establish that the assignment of overtime regulations of the employer show that specific employment practices by Defendant select a statutorily protected group in a discriminatory pattern significantly different from that of the pool of applicants. Moreover, Plaintiff alleged statistical disparities between similarly situated employees and a statutorily protected group under Defendant's employment.

Plaintiff was further discriminated against when the Defendant knowingly and willingly applied an unfair distribution of overtime and scheduled days off to Plaintiff. Plaintiff was retaliated against by requiring him to work twelve (12) consecutive days, October 15, 2007, through October 27, 2007, without a scheduled day off. No other officer under the age of 40 was scheduled to not have a day off from work without at least one of their scheduled days off during this specified time. This adverse personnel action was deliberate and violates Section 18.02 of the CBA.

*Required to Work Twelve (12) Consecutive Days*

The FOP-CBA states that the basic workweek will be Sunday to Saturday. Employees will be assigned two (2) excused days each work week. Normally, the excused days will be consecutive. See Exhibit 5 CBA Article 18, Section 18.01, 2. Thus, the Department violated the

basic work period, as defined by the CBA, by requiring Plaintiff Macon to work both of his excused days off. Such a schedule is not permissible and clearly outside of an officer's basic work period, without justification. No other USCP employee was required to work both of their excused days-off on these dates. The Department is responsible for drafting officers to work additional duty fairly and in accordance with the CBA. The Department violated Article 18, Section 18.02, 6A when it required Plaintiff Macon to be denied an excused day off between October 15 through October 27, 2007; thus requiring Plaintiff Macon to work twelve consecutive days.

However, in order for Plaintiff Macon to have an excused day off during this twelve day stretch, Plaintiff Macon had to use two days of his vacation/annual leave. Evidence supports Plaintiff Macon's claim that he was **required** to work twelve consecutive days. Only because Plaintiff Macon had the leave available to him permitted him to preclude him from actually working those dates. However, the usage of his own annual leave did not omit him from the fact of his requirement of his employer.

Such a schedule has been interpreted to be retaliatory and discriminatory. No other Officer on the Senate Division has been required to work such a schedule. This supports evidence that the Department has inconsistently and subjectively applied rules unfairly. Further, this type of Department requirement is not consistent by his employer and supports his claim of retaliation and discrimination with other comparable Officers. It is by design of management that a Senior Labor Leader of the Union is the only Officer subject to working twelve consecutive days. It is by no coincidence that Plaintiff Macon had just received an end of mediation letter from the Office of Compliance, on October 2007, for almost identical issues involving him working thirteen consecutive days on another incident earlier in the year. (See Case 1:08-CV-0003 (EGS)

Finally, the necessity of having to take leave in order to secure two days off over a twelve day span is fundamentally unfair and places an undue burden on any officer or Congressional employee. No employee should have to use their personal leave to get a required day off. No employee should be required to work twelve consecutive days. This behavior must be addressed by the appropriate agency with oversight. Thus, my complaint has validity and deserves to proceed to the next stage.

**Required** *to Work a Double-Shift on Two Consecutive Days*

The Department has failed to provide a reasonable explanation to indicate why Plaintiff Macon was required and scheduled to work a double shift on two consecutive days. Evidence will indicate that Plaintiff Macon had the requirement to work a double shift on two consecutive days on November 26 and 27, 2007. Plaintiff Macon fulfilled his requirement to work the overtime assigned to him by finding a "Qualified Substitute" to work in his stead. (CBA Article 18, Section 18.03).

The Department violated U.S.C. 7116(a)(1)(2) and (4) when it required Plaintiff Macon to work a double shift on two consecutive days. The Department violated the Collective Bargaining Agreement (CBA) Article 18.02, 6a by requiring Plaintiff Macon to perform additional duty in violation of standard procedures and Departmental directives. CBA Article 18.02, 6a states that the Department will assign additional duty by a rotating roster of section employees, compiled in seniority order. Plaintiff Macon maintains that the policy being implemented by his immediate supervisors are not in compliance with the CBA. Plaintiff Macon suggests that this application of additional duty has been used by Management to undermine his employee rights provided by the CBA. All covered employees must have consistent application of the CBA throughout the Department and to all applicable Senate Division shifts. The midnight shift for which Plaintiff Macon works has been applying scheduled additional duty

inconsistent with other Department shifts which has caused injury and is the subject of this Complaint.

## COUNT III: CAA SECTION 201 (RACE-BASED HARRASSMENT AND DISPARATE TREATMENT)

Plaintiff hereby incorporates paragraphs above, by reference.

The activities described in this Complaint were instituted in violation of the prohibition on reprisals against employees that have engaged in protected activity, as defined under the CAA.

The upper management of the Defendant, as described above, has reprised against the Plaintiff for complaining against conduct made unlawful by the CAA.

There is a direct and proximate nexus between Plaintiff's participation and use of the Congressional Office of Compliance, federally protected activities, and the Defendant's unlawful treatment of Plaintiff.

The effect of the retaliatory employment practices and actions taken as set forth above was to deprive the Plaintiff of promotional opportunities, benefits and privileges and otherwise adversely affect and alter the terms and conditions of employment for Plaintiff.

As a direct and proximate cause of the actions set forth above, the Plaintiff has suffered and continues to suffer damages, including, but not limited to, attorney fees and other damages.

10

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Honorable Court grant him the following relief:

1. Direct the Defendant to make Plaintiff whole for any and all job benefits lost as a result of the Defendant's conduct as described in this Complaint; and

2. Direct the Defendant to pay the Plaintiff compensatory damages in an amount to be determined at trial for damage to professional reputation, suffering, mental anguish and humiliation, embarrassment, emotional pain, inconvenience, and other pecuniary and non-pecuniary losses pursuant to 2 U.S.C. Sections § 1311(b) and 1317(b) of the CAA, resulting from the Defendant's prohibited employment actions of discrimination, harassment, disparate treatment, hostile work environment and reprisal against Plaintiff;

3. Reasonable attorney fees and costs; and

4. Such other relief as this Court deems just.

Respectfully Submitted,

**DERRICK WAYNE MACON**
Pro Se
12401 Weldon Manor Lane
Upper Marlboro, MD 20772
(301) 627-2244

June 30, 2008

11



*advancing safety, health, and workplace rights in the legislative branch*

**Office of Compliance**                                      Office of the Executive Director

March 31, 2008

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Derrick W. Macon
12401 Weldon Manor Lane
Upper Marlboro, MD  20772

## END OF MEDIATION NOTICE
Re: Derrick W. Macon, Employee
and
Office of U.S. Capitol Police Board Employing Office
**Case No. 08-CP-25 (CV, AG, RP)**

Dear Mr. Macon:

This is to notify you that the mediation period has ended in the above matter without a resolution of your claims.  The counseling period began on **January 14, 2008** and ended on **February 13, 2008**.  The mediation period began on **February 28, 2008** and ended on **March 31, 2008**.

Your request for mediation was based upon your allegation(s) that the employing office violated sections 201 and 207 of the Congressional Accountability Act ("CAA").

If you wish to proceed further with this matter, you must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice.  During that 60-day time frame you may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the  District of Columbia. <u>You may assert only those  claims that you made during counseling and mediation.</u>

*08 1141*

If you choose to file a  formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form. The complaint must be signed by you or your designated representative and contain the following information:

**FILED**

JUN 3 0 2008

Clerk, U.S. District and
Bankruptcy Courts

    (a)        the complainant's  name, mailing address, and telephone number;

    (b)        the involved employing office's name, address, and telephone number;

    (c)        the name(s) and title(s) of the individual(s) involved in the conduct that you claim violated the CAA;

Room LA 200, Adams Building • 110 Second Street, SE • Washington, DC 20540-1999 • t/202.724.9250 • f/202.426.1913 • tdd/202.426.1912

*www.compliance.gov*

-2-

(d)   a description of the conduct that you challenge, including the date(s) and location(s) of the conduct;

(e)   a brief description of why you believe the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f)   a statement of the relief or remedy sought ;

(g)   the name, address, and telephone number of the representative, if any, who will act on your behalf.

If you choose to file a formal complaint with this Office, we will serve a copy of your complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If you file a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

If you choose to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If you have not already done so, please complete the survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or need any assistance, please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:    Facsimile Notice
               Complaint Form
               Participant Survey Form
cc:    Frederick Herrera, Employing office (with Participant Survey Form)
       Marvin Johnson, Mediator

*advancing safety, health, and workplace rights in the legislative branch*



# Office of Compliance

Office of the Executive Director

February 29, 2008

Frederick Herrera, Esq.
U.S. Capitol Police Board
Office of Employment Counsel
499 South Capitol Street, SW, Suite 820
Washington, DC 20003

### NOTICE OF INVOCATION OF MEDIATION
Re: Derrick W. Macon, Employee
and
Office of U.S. Capitol Police Board Employing Office
**Case No. 08-CP-25 (CV, AG, RP)**

Dear Mr. Herrera:

This is to notify you that the above identified individual requested mediation on **February 28, 2008**, pursuant to §2.04(b) of the Procedural Rules of the Office of Compliance. The Office has designated Marvin Johnson to mediate this matter, who will be in contact with you very shortly.

Derrick W. Macon requested counseling on **January 14, 2008**, alleging he was subjected to a hostile work environment, denied leave, and required to work 13 consecutive days without time-off because of race, age and reprisal in violation of sections 201 and 207 of the Congressional Accountability Act.

*The mediation period, pursuant to §2.04(e) shall be 30 days beginning on the date the Office received the mediation request unless the Office extends the period upon the joint request of the parties. Absent submission of a formal settlement agreement to the Office, pursuant to §9.05(b), or a signed statement from the parties that they reached an informal settlement agreement, pursuant to §9.05(a) of the Procedural Rules, the Office will issue an end of Mediation Notice to the parties at the completion of the mediation period.*

At the close of the mediation period, the Office will provide participants' with a survey form. This survey is designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. Please complete and submit the survey to us at the completion of the final mediation session. A copy of the **Mediation Agreement**, and a statement on **Settlement Agreements** under the Congressional Accountability Act are enclosed for your convenience.

If you have any questions please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:    Mediation Agreement
               Notice of Settlement of a Case
cc:    Derrick W. Macon (with enclosures)
       Marvin Johnson, Mediator

Room LA 200, Adams Building • 110 Second Street, SE • Washington, DC 20540-1999 • t/202.724.9250 • f/202.426.1913 • tdd/202.426.1912

*www.compliance.gov*

*Exhibit #1*

# SENATE DIVISION ONE
# OFFICER LEAVE

MONTH: __Jan.__          DATE: __23 Wed__

| Approved | Type | Time Stamp | Date Entered | Approving Official | Notes |
|---|---|---|---|---|---|
| Millham | 02 | 10-12-07 | 10-17-07 | KMB | |
| Marquis | 04 | 10-12-07 | 10-17-07 | KMB | |
| Jones | 02 | 10-24-07 | 10-24-07 | KMB | |
| ~~Humphries~~ | | ~~10-24-07~~ | ~~10-24-07~~ | | 11-19-07 |
| no more leave approved until manpower needs for Codel are met | | | | | |
| | | | | | DO NOT APPROVE KMB |

| Disapproved | Type | Time Stamp | Date Entered | Disapproving Official | Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Training Range/Class | Notes |
|---|---|
| | |
| | |
| | |

## NOTES

| |
|---|
| |
| |
| |
| |
| |

# UNITED STATES CAPITOL POLICE
## CP–506 REQUEST FOR APPROVED ABSENCE

CP–506
(4–88)

| | |
|---|---|
| NAME _MACON DERRICK_ | Date/Time of Application: _____ |
| SSN _ON FILE_     UNIT _SD-1_ | _Derrick W. Macon_  (Applicant's Signature) |

| Applies for: | Commencing: _Jan 23, 2008_ | Immediate Supervisor: ☐ Recommend  ☐ Not recommend |
|---|---|---|
| _8_ hours  ☑ Annual Leave | | Div. Cmdr. or Designee: ☐ Approved  ☐ Disapproved |
| _____ hours  ☐ Compensatory Time | Ending: _Jan 23, 2008_ | |
| _____ hours  ☐ Sick Leave | (Both dates inclusive) | _____ |
| _____ hours  ☐ Military Leave | | (Division Commander or Designee) |
| _8_ hours  ☑ TOTAL | Days off: _SAT_  _SUN_ | Entered into T/A System:     Date:_____ |
| Return date: _Jan. 24, 2008_ | | _____ |
| | | (Administrative Personnel) |

## REQUEST TO BE EXCUSED FROM CARRYING ISSUED FIREARM

| | |
|---|---|
| Date of request: _____ | ☐ On leave or other excused absence and/or travel |
| Commencing: _____ | ☐ Requirements of rigid personal schedule |
| | ☐ Sick and confined in hospital or other health facility |
| Ending: _____  (Both dates inclusive) | Firearm secured at: _____ |
| Address: _____ | |
| _____ | _____ |
| | (Applicant's Signature) |

Date: _____   ☐ Approved   ☐ Disapproved      _____
(Chief or Designee)

GPO: 2004   95–412 (mac)

wife has 0800 hours
Appt. for Knee Replacement
w/ Doctor

CP-506
(4-88)

# UNITED STATES CAPITOL POLICE
## CP-506 REQUEST FOR APPROVED ABSENCE

| NAME  Numphries David | Date/Time of Application: _____ |
|---|---|

SSN   on file          UNIT  SD-1        _D. M. H____ (Applicant's Signature)

| Applies for: | Commencing: | Immediate Supervisor: ☐ Recommend   ☐ Not recommend |
|---|---|---|
| _____ hours ☐ Annual Leave | Jan 23, 2008 | Div. Cmdr. or Designee: ☐ Approved   ☐ Disapproved |
| _____ hours ☐ Compensatory Time | Ending: | |
| 8 hours ☑ Sick Leave | Jan 23, 2008 | |
| _____ hours ☐ Military Leave | (Both dates inclusive) | _____ |
| _____ hours ☐ TOTAL | Days off: Sat | (Division Commander or Designee) |
| | Sun | Entered into T/A System:    Date: _____ |
| Return date: Jan 24, 2008 | | _____ |
| | | (Administrative Personnel) |

## REQUEST TO BE EXCUSED FROM CARRYING ISSUED FIREARM

| Date of request: _____ | ☐ On leave or other excused absence and/or travel |
|---|---|
| | ☐ Requirements of rigid personal schedule |
| Commencing: _____ | ☐ Sick and confined in hospital or other health facility |
| Ending: _____ | Firearm secured at: _____ |
| (Both dates inclusive) | |
| Address: _____ | |
| _____ | _____ |
| | (Applicant's Signature) |

Date: _____    ☐ Approved    ☐ Disapproved

_____
(Chief or Designee)

GPO: 2004    95–412 (mac)

CP-506
(4-88)

**UNITED STATES CAPITOL POLICE**
**CP-506 REQUEST FOR APPROVED ABSENCE**

NAME _Helen N. Jones_

Date/Time of Application: _____

SSN: _____    UNIT _S D # E HA_    US 130 1005    _(Applicant's Signature)_

Applies for:

| | | |
|---|---|---|
| _8_ hours | ☒ Annual Leave | Commencing: _1-21-08_ |
| _____ hours | ☐ Compensatory Time | Ending: _1-3-08_ |
| _____ hours | ☐ Sick Leave | (Both dates inclusive) |
| _____ hours | ☐ Military Leave | Days off: _M/Tu_ |
| _8_ hours | ☒ TOTAL | _Tues_ |

Return date: _1-24-08_

Immediate Supervisor:
Div. Cmdr. or Designee:
☒ Recommend  ☐ Not recommend
☒ Approved  ☐ Disapproved

_Sgt. XXX Bell_
(Division Commander or Designee)

Entered into T/A System: _____ Date: _____

(Administrative Personnel)

---

## REQUEST TO BE EXCUSED FROM CARRYING ISSUED FIREARM

Date of request: _____

Commencing: _____

Ending: _____
(Both dates inclusive)

Address: _____

☐ On leave or other excused absence and/or travel
☐ Requirements of rigid personal schedule
☐ Sick and confined in hospital or other health facility

Firearm secured at:
_42 130 1005_

_04:15_

_(Applicant's Signature)_

Date: _____    ☐ Approved    ☐ Disapproved

_(Chief or Designee)_

GPO: 2004    95-412 (mac)

| OFFICER | DAYS OFF | S | M | T | W | T | F | S | S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KIRTZ, M | SUN/MON | 1 | \ | | | | S-2 | | 3 | | | | | | |
| COFFER, C.B. , JR. | MON/TUE | | LV | LV | LV | LV | LV | | | | | | LV | | |
| RICKER, W.R. | MON/TUE | | 3 | \ | S-2 | S-2 | | | LV | LV | LV | | | | |
| JACKSON, B. | SUN/MON | 2 | | | S-2 | S-2 | | | 4 | | | | | | |
| MARQUIS, J.P. | MON/TUE | | | 4 | | | | | | 1 | | | | | |
| MOORE, J | SUN/MON | 3 | | S-2 | | | | | | 2 | | | | | |
| MACON, D.W. | SUN/SAT | 4 | | S-2 | | | | \ | | | | | | | 1 |
| CLARK, J.E., JR. | TUE/WED | | S-2 | | | | | | | | | | | | |
| JONES, H.N. | MON/TUE | LV | LV | LV | | | | LV | | 3 | | | | | |
| HUMPHRIES, D.A. | SUN/ SAT | \ | S-2 | S-2 | | | | 1 | \ | | | | | | 2 |
| JACKSON, G.S. | SUN/ SAT | LV | LV | | | | | 2 | \ | | | | | | 3 |
| ROSS, FA | SUN/MON | 5 | | | | | | | | | | | | | |
| MILLHAM, P | SUN/SAT | | | | | | | 3 | \ | | | | | | 4 |
| LEBO, KL | SUN/SAT | | | | | | | 4 | \ | | | | | | |
| PETTIS, A | SUN/MON | | 1 | | | | | | 1 | | | | | | |
| SPAVONE, T. | FRI/SAT | | | | | | LV | LV | | | LV | LV | LV | LV | LV |
| BALL, P.R. | SUN/SAT | \ | | | | | | | 2 | | | | | | |
| WILSON, R.P. | TUE/WED | | | 1 | \ | | | | | | 1 | | | | |
| BILYEU, J.L. | TUE/WED | | | 2 | \ | | | | | | 2 | | | | |
| KAINZ, T.M. | TUE/WED | LV | LV | LV | LV | LV | LV | LV | | | 3 | | | | |
| McILWAIN | MON/TUE | | 2 | \ | | | | | | 4 | | | | | |
| BROWN, TB | TUE/WED | | | LV | LV | LV | | | | | LV | LV | LV | LV | |
| MUNOZ, D | FRI/SAT | | | | | | 1 | | | S-2 | | | | 1 | |
| THOMAS, J | TUE/WED | | | 3 | \ | | | | | | 1 | | | | |
| REIMER, S | WED/THU | LV | LV | LV | LV | LV | LV | LV | | LV | LV | LV | LV | | |
| PLATZ, E.J. JR | FRI/SAT | | | | | 2 | | | | | | | | 2 | |
| SHERMAN, R | FRI/SAT | | | | | 3 | | | | | | | | 3 | |
| MITCHELL, D | WED/THU | | | | 1 | \ | | | | | | 2 | \ | | |
| NEBEL, P | THU/FRI | | | | | 4 | | | | | | | | 4 | |
| GHOLSON, S | THU/FRI | | | | | 1 | \ | | | | | | 1 | \ | |
| SACKS, J | WED/THU | | | | 2 | \ | S-2 | | | | | LV | LV | | |
| BELKEN, D | THU/FRI | | | | | 2 | | | | | | | | 2 | \ |
| DESROSIERS, C | THU/FRI | | | | | 3 | | | | | | | | 3 | \ |
| CIANFRANI, F | THU/FRI | LV | LV | | | 4 | | | | | | | | 4 | \ |
| BARANOWSKY, C | THU/FRI | | | | | 5 | | | | | | | | 5 | \ |
| ADAMS, L | WED/THU | | | | 3 | \ | S-2 | | LV | LV | | | 3 | | S-2 |
| DEMAR, T | THU/FRI | LV | | | | | | | | | | | | | |
| GIBSON, W | WED/THU | | | | 4 | | S-2 | | | | | 4 | | | |
| AMIANO, N | WED/THU | | | | 5 | | | | | | | 5 | | | |
| DATE | Nov | 25 | 26 | 27 | 28 | 29 | 30 | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |

# SCHEDULED ADDITIONAL DUTY LIST

Division: Senate  Section: **SD-1**  Pay Period: ___21(1)___  Date Posted: 09/28/2007

| SUNDAY OCT 14, 2007 | | | MONDAY OCT 15, 2007 | | | TUESDAY OCT 16, 2007 | | | WEDNESDAY OCT 17, 2007 | | | THURSDAY OCT 18, 2007 | | | FRIDAY OCT 19, 2007 | | | SATURDAY OCT 20, 2007 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location |
| Deeg, K | 2230 | SD-1 | McIlwain, D | 2230 | SD-1 | Ricker, W | 2230 | SD-1 | Kainz, T | 2230 | SD-1 | Gholson, S | 2230 | SD-1 | Bender, T | 2230 | SD-1 | Sherman, R | 2230 | SD-1 |
| Pettis, A | 2230 | SD-1 | Smith, B | 2230 | SD-1 | Marquis, J | 2230 | SD-1 | Brown, T | 2230 | SD-1 | Sacks, J | 2230 | SD-1 | Spissner, T | 2230 | SD-1 | Nebel, P | 2230 | SD-1 |
| Ball, P | 2230 | SD-1 | Kurz, M | 2230 | SD-1 | Clark, J | 2230 | SD-1 | Thomas, J | 2230 | SD-1 | Betton, D | 2230 | SD-1 | Munsey, D | 2230 | SD-1 | Macon, D | 2230 | SD-1 |
|  |  |  | Coffer, C |  | SD-1 | Wilson, R | 2230 | SD-1 | Reamer, B | 2230 | SD-1 | Desrosiers, C | 2230 | SD-1 | Platt, R | 2230 | SD-1 |  |  |  |
|  |  |  |  |  |  | Blevins, J |  |  | Mitchell, D | 2230 | SD-1 | Cianfrani, P | 2230 | SD-1 |  |  |  |  |  |  |

Lieutenant John M. Mc Gowan
Senate Division One, 2230-0630 Shift

9/28/2007
Date

# SCHEDULED ADDITIONAL DUTY LIST

**Division:** Senate    **Section:** SD-1    **Pay Period:** 21(2)    **Date Posted:** 10/05/07

| SUNDAY OCT 21, 2007 | | | MONDAY OCT 22, 2007 | | | TUESDAY OCT 23, 2007 | | | WEDNESDAY OCT 24, 2007 | | | THURSDAY OCT 25, 2007 | | | FRIDAY OCT 26, 2007 | | | SATURDAY OCT 27, 2007 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location | Name | Start Time | Reporting Location |
| Jackson, B | 2230 | SD-1 | Roser, M | 2230 | SD-1 | Coffer, C | 2230 | SD-1 | Wilson, R | 2230 | SD-1 | Belken, D | 2230 | SD-1 | Platz, E | 2230 | SD-1 | William, P | 2230 | SD-1 |
| Moore, | 2230 | SD-1 | Pettis, A | 2230 | SD-1 | Ricker, W | 2230 | SD-1 | Brown, T | 2230 | SD-1 | Desrosiers, C | 2230 | SD-1 | Sherman, R | 2230 | SD-1 | Lott, | 2230 | SD-1 |
| Macon, D | 2230 | SD-1 | Milliam, | 2230 | SD-1 | Margolis, J | 2230 | SD-1 | Thomas, J | 2230 | SD-1 | Cianfrani, F | 2230 | SD-1 | Nebel, P | 2230 | SD-1 | Bal, P | 2230 | |
| Jackson, G | 2230 | SD-1 | Kirtz, M | 2230 | SD-1 | Jones, | 2230 | SD-1 | Reimer, S | 2230 | SD-1 | Baranowsky, C | 2230 | SD-1 | Gladson, S | 2230 | SD-1 | | | |
| | | | | | | | | | Mitchell, D | 2230 | SD-1 | Adams, N | 2230 | SD-1 | | | | | | |
| | | | | | | | | | Sacks, J | 2230 | SD-1 | Demar, T | 2230 | SD-1 | | | | | | |

10/5/2007

# ROLL CALL ANNOUNCEMENT

All Senate Division officers will adhere to the following **Leave Policy**, until a formalized written policy is implemented by the Department:

- ► Leave will be granted on a rolling ninety (90) day basis;
  - As an example: On January 1st an officer can submit a leave request for leave which commences on April 1st.
  - Leave requests can extend past the ninety (90) day as long as it originates by the ninety (90) day rolling period.
- ► All leave requests will be granted on a first come, first serve basis.
  - No preference will be given to leave submitted in blocks of forty (40) hours or more.
- ► Leave **may** be approved up to 15% assigned manpower. (There are occasions, however, in which special events, training, etc., that leave can be restricted).
- ► All leave requests will be **date and time stamped.**
- ► All leave requests will be hand-delivered to a Section supervisor or clerk in the assigned officers Section.
- ► All leave requests will be approved/disapproved within two (2) weeks of receipt.
- ► All disapproved leave requests will be returned to the officer, in the same timely manner as approved leave requests.
- ► Officers may continue to submit leave requests with as little as twenty-four (24) hours notice.
- ► An exception to ninety (90) day rolling leave policy could be a special occasion, such as a wedding, family re-union, and cruises, these leave requests will be considered on a case by case basis. The Section Commander will consider and recommend these requests and forward it to the Division Commander for approval/disapproval. **(Officers should <u>not</u> purchase tickets prior to any leave request being approved!)**
- ► Should any portion of a leave request be denied, the entire leave request will be disapproved. At their option, the officer can then submit a leave request for the partial leave dates.
- ► Should an officer submit a leave request in conjunction with a holiday, and the officer is scheduled to work this holiday the officer can submit a CP-1301. The leave request will be disapproved, unless the CP-1301 is approved. CP-1301's will not be considered until the Scheduled Additional Duty is posted (approximately two (2) to three (3) weeks prior to that specific holiday).
- ► Short Day/Night requests can be submitted with at least twenty-four (24) hours notice, and evaluated the same as any other leave request. All Short Day/Night requests submitted less that twenty-four (24) hours in advance will be considered based upon that days manpower constraints (WDO's working? Or any special requirements?)

Vickie L. Frye
Commander
Senate Divison



# UNITED STATES CAPITOL POLICE

OFFICE OF THE CHIEF
119 D STREET, NE
WASHINGTON, DC 20510-7218

July 29, 2003

## MEMORANDUM

**TO:**  Deputy Chief Steven Bahms
Deputy Chief James Rohan
Deputy Chief Christopher McGaffin
Mr. Richard Majauskas

**FROM:**  Assistant Chief Robert R. Howe

**SUBJECT:**  Leave Policy

The following leave policy will be effective immediately:

- Leave will be granted on a rolling ninety (90) day basis;
- Leave will be granted on a first come, first granted basis;
- Leave may be approved up to 15% assigned manpower;
- Unless specifically instructed, no leave will be held past the approval time frame;
- Leave requests that are disapproved will be returned to the employee, in the same timely manner as approved leave requests;
- Leave submitted by the employee will be approved/disapproved within two weeks of receipt;
- All leave requests shall be date-stamped by supervisory or assigned clerical personnel.

The Uniformed Services Bureau shall write the Operational Directive on the Department's leave policy based on the aforementioned criteria. Please submit a draft to me no later than August 4, 2003.

Should you have any questions or comments, please feel free to contact me.

Robert R. Howe
Assistant Chief

*Nationally Accredited by the Commission on Accreditation for Law Enforcement Agencies, Inc.*

Effective January 06, 2008

# SENATE DIVISION, SECTION ONE
## Seniority Roster Including Detailed-in Personnel

| | | |
|---|---|---|
| 1 KIRTZ, MA | (06-09-75) | |
| 2 COFFER, CB | (07-07-75) | |
| 3 RICKER, WR | (07-16-84) | |
| 4 JACKSON, B | (10-09-84) | |
| 5 MARQUIS, JR | (10-04-85) | |
| 6 MOORE, J | (10-04-85) | |
| 7 MACON, D | (10-04-85) | |
| 8 CLARK, JE | (04-15-87) | |
| 9 JONES, HN | (04-15-87) | |
| 10 HUMPHRIES, DA | (04-15-87) | |
| 11 JACKSON, GS | (07-28-87) | |
| 12 ROSS, FA | (10-02-87) | |
| 13 MILLHAM, PB | (01-26-88) | |
| 14 LEBO, KL | (01-26-88) | |
| 15 PETTIS, A | (01-31-89) | |
| 16 SPAVONE, T | (10-02-89) | |
| 17 BALL, PR | (01-08-91) | |
| 18 WILSON, RP | (01-08-91) | |
| 19 BILYEU, JL | (09-01-93) | |
| 20 KAINZ, TM | (10-11-96) | |
| 21 MCIIWAIN, DM | (02-02-98) | |

| | | |
|---|---|---|
| 22 BROWN, TB | (06-22-98) | |
| 23 THOMAS, J | (10-31-01) | |
| 24 REIMER, S | (04-26-02) | |
| 25 PLATZ, EJ | (09-22-02) | |
| 26 SHERMAN, R | (09-22-02) | |
| 27 MITCHELL, DL | (05-04-03) | |
| 28 DUTTON, BR | (07-17-04) | |
| 29 NEBEL, P | (09-08-05) | |
| 30 GHOLSON, S | (04-11-06) | |
| 31 SACKS, J | (01-19-07) | |
| 32 BELKEN, D | (02-23-07) | |
| 33 DESROSIERS, C | (02-23-07) | |
| 34 CIANFRANI, F | (02-23-07) | |
| 35 BARANOWSKY, C | (02-23-07) | |
| 36 ADAMS, L | (02-23-07) | |
| 37 DEMAR, T | (02-23-07) | |
| 38 GIBSON, W | (02-23-07) | |
| 39 AMIANO, N | (03-04-07) | |
| 40 PAGE, T | (06-01-07) | |
| 41 MYERS, J | (06-01-07) | |

Lieutenant John M. McGowan

Senate Division, Section One

## I. (a) PLAINTIFFS

DERRICK W. MACON

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

1 ROSE  NY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

U.S. CAPITOL POLICE BOARD

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATT

Case: 1:08-cv-01141
Assigned To : Sullivan, Emmet G.
Assign. Date : 06/30/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF AN

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

2 USC 1301 + 2 USC 1317 Congressional Accountability Act

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☐ NO If yes, please complete related case form.

**DATE** 6.30.08    **SIGNATURE OF ATTORNEY OF RECORD** JCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd